UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Albert Luther Jeffcoat,<br><br>       Plaintiff,<br><br>  v.<br><br>Sonny Purdue; Mark Taylor; Thurbert Baker; Cliff Brashier; John R. Harbey; William E. Woodrum; F. Gates Peed; John R. Turner; Richard Mallard; Keith McIntyre; Jon Hope; Verna A. Phillips; Erick Riner; Elizabeth Holbrook; Jimmy McDuffie; Mike Kile; Mike Bohannon; Tom Murphy; Steve Sweeney; Larry Carroll; Robert Lanier, Jr; Richard Rafter; Tony May; and Hilda E. Partridge,<br><br>       Defendants. | C/A No.8:06-1563-GRA-BHH<br><br><u>ORDER</u><br>(Written Opinion) |

  This matter is before the Court for a review of the magistrate's Report and Recommendation filed on May 24, 2006, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. Plaintiff is named as the defendant under Grand Jury Indictment SU05CR211W (formerly SU05CR014) by the Superior Court of Effingham County, Georgia. A mistrial (hung jury) was declared on May 25, 2006, and a new trial date of August 9, 2006 has been scheduled. Plaintiff is out on bond and residing with his sister in North Augusta, South Carolina. In his complaint, Plaintiff alleges a number of constitutional violations that have occurred in

1

the course of his criminal proceeding, naming as defendants Georgia state judges, law enforcement officers, prosecuting officers, private attorneys, the Governor and Lieutenant Governor of Georgia and other citizens of that State.  Plaintiff's essential request is that this Court assume jurisdiction over the criminal prosecution.  Because none of the named defendants in the complaint are citizens of South Carolina, the magistrate recommends dismissing the complaint without prejudice and without issuance of service or process for lack of personal jurisdiction.  For the reasons stated herein, the recommendation of the magistrate is adopted, and the case is DISMISSED.

Plaintiff brings this action *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further

evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Plaintiff filed objections to the Report and Recommendation on June 8, 2006.

Plaintiff appears to have only one objection[1] to the Report and Recommendation, arguing that he has alleged sufficient facts to satisfy the long arm statute of the State of South Carolina, S.C. Code Annotated § 36-2-803. In support thereof, Plaintiff claims:

> That per the Superior Court of Effingham County, Springfield, Georgia, under Bond Order, dated: March 9, 2003, and as further clarified by Court Appointed Counsel the Plaintiff is expressly prohibited, under the threat of being jailed, from filing any matter in or from appearing in any court or from representing himself pro se in any such matter thereto with the State of Georgia. Believed to represent a waiver of sovereign immunity, this Court Order effectively eliminates any and all jurisdictional authority with the State of Georgia which the Plaintiff may seek appropriate judicial and/or appellate relief and specifically deprives the Plaintiff of his statutory and constitutional rights (state and federal) to access the courts and/or to act as pro se. In the absence of any jurisdictional authority within the State of Georgia the only other jurisdictional authority available to the Plaintiff is believed to lie with the United States Federal Court in the State and County in which the Plaintiff currently resides . . The United States District Court of South Carolina.

(Plaintiff's Obj. 2-3).

---

[1] Plaintiff submitted a fifteen-page brief in support of his objections to the Report and Recommendation, most of which merely realleges facts that Plaintiff claims entitles him to relief. The Court finds reference to only one claimed error in the magistrate's Report, and therefore, will only address that objection in this Order.

The United States District Court for the District of South Carolina lacks jurisdiction *in personam* over the defendants. Jurisdiction *in personam* means jurisdiction of the parties in a case, and is sometimes called "personal jurisdiction[.]" Even if Plaintiff were to rely on Fed.R.Civ.P. 4(e), the defendants are not reachable by process issued by this Court, or under South Carolina's long-arm statute, § 36-2-801 et seq., South Carolina Code of Laws. *See White v. Stephens*, 300 S.C. 241, 387 S.E.2d 260, 262-264, 1990 S.C. LEXIS7 19 (1990); and *World- Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 288-299 (1980). Plaintiff's argument that the "Bond Order" prohibits him from litigating his constitutional claims[2] in no manner satisfies the requirements of South Carolina's long-arm statute. The defendants clearly have no minimum contacts with South Carolina. Therefore, Plaintiff's objection is without merit.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that this action be DISMISSED for lack of personal jurisdiction, without prejudice and without issuance of service or process.

---

[2] The Bond Order actually states at ¶7 that "Defendant shall at all times be represented by duly licensed counsel in regard to any litigation or pending Court case in the State of Georgia. Defendant shall not file, appear or otherwise represent himself, pro se, in any such matter." This Order only prohibits Plaintiff from bringing an action *pro se* while on bond; Plaintiff may bring any action he wish by retaining an attorney or foregoing his bond. Therefore, Plaintiff does have a means to seek relief in Georgia.

4

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

July   6  , 2006.

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.

5